# 98 DTA 188

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL I - SAN JUAN
### PANEL III

JOSE L. RIVERA TORRES Y MARIA E. SERRANO BERNANDEZ
Recurridos

v.

EMPRESAS NATIVAS, INC.; GENERAL ACCIDENT INS. OF PUERTO RICO; FORCE CONSTRUCTORS, S.E.
Recurrentes

Núm. KLRA-97-00762

San Juan, Puerto Rico, a 27 de abril de 1998

Panel integrado por su Presidenta, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

Ramos Buonomo, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Force Constructors, S.E. (Force) solicita la revocación de la resolución emitida el 23 de octubre de 1997 por el Departamento de Asuntos del Consumidor (D.A.C.O.), en la que se determinó que Force y Empresas Nativas, Inc. (Empresas Nativas) son solidariamente responsables por la reparación del sistema de plomería obstruido del hogar del Sr. José L. Rivera (Sr. Rivera) y la Sa. María E. Serrano Bernández (Sa. Serrano). Según resolvió dicha agencia, de no cumplirse con la orden emitida, ambas partes tendrán que indemnizar solidariamente junto a General Accident Insurance Co. (General Accident) la cantidad de $8,900 al Sr. Rivera y a la Sa. Serrano, siendo General Accident responsable sólo hasta el monto de la fianza por ella prestada.

Por los fundamentos que pasamos a exponer denegamos la expedición del recurso de revisión presentado.

### I

El 27 de noviembre de 1991, el Sr. Rivera y la Sa. Serrano adquirieron de Empresas Nativas una vivienda mediante contrato de compraventa. Empresas Nativas fue la promotora del proyecto de construcción, Force fue la constructora y General Accident la aseguradora del mismo.

El 14 de enero de 1993 el Sr. Rivera y la Sa. Serrano presentaron ante el D.A.C.O. una querella contra Empresas Nativas y Force, alegando que la vivienda que habían adquirido adolecía de ciertos defectos de construcción. Alegaron que el lavamanos principal de la vivienda estaba despegado, que los inodoros y las bañeras se encontraban en estado de deterioro, que había cemento en las tuberías por lo que no existía un buen drenaje, que las puertas de uno de los armarios estaba defectuosa, que habían losetas despegadas, otras manchadas y algunas de distinta clase, que los pisos se encontraban manchados debido a la humedad, que el techo estaba ondulado en ciertas áreas y que el piso de la marquesina estaba desnivelado.

El 6 de abril de 1993 se llevó a cabo una inspección a la vivienda por un especialista de valoración del D.A.C.O., el cual rindió un informe sobre los desperfectos de la propiedad con fecha del 5 de mayo de 1993. En el mismo recomendó la celebración de una vista administrativa ya que varios de los desperfectos alegados por el Sr. Rivera y la Sa. Serrano no pudieron ser corroborados en la inspección realizada.

El 10 de mayo de 1993 el Sr. Rivera y la Sa. Serrano presentaron ante el D.A.C.O. un estimado preparado por Caribe Plumbing, en el que se indicó que la reparación de la tubería de la propiedad

ascendía a unos $8,900.

El 6 de octubre de 1993 se llevó a cabo una vista administrativa ante el D.A.C.O. Según surge de la minuta de dicha vista, Force no compareció a la misma ni se excusó debidamente ante la agencia.

El 18 de noviembre de 1993 personal técnico del D.A.C.O. visitó nuevamente la propiedad del Sr. Rivera y la Sa. Serrano para estimar el costo de las reparaciones necesarias. El especialista en valoración del D.A.C.O. estimó el costo de remoción e instalación de losas en la propiedad y la corrección de las tuberías en $9,460.

El 12 de enero de 1995 el D.A.C.O. emitió una resolución condenando solidariamente a Force y a Empresas Nativas a la reparación de los defectos señalados por el inspector enviado por dicho departamento dentro del término de veinte (20) días o de lo contrario, éstas tendrían que indemnizar al Sr. Rivera y a la Sa. Serrano solidariamente con General Accident por la suma de $9,258.50.

El 20 de enero de 1995 Force presentó una moción de reconsideración, la cual fue acogida por el D.A.C.O., señalándose una vista administrativa para dilucidar la misma entre todas las partes. El 1 de mayo de 1995 el D.A.C.O. declaró sin lugar la referida moción.

El 22 de agosto de 1995 Force presentó ante el D.A.C.O. una moción en la que informaba a dicha agencia que había cumplido con la reparación ordenada en la resolución del 12 de enero de 1995. En dicho escrito Force solicitó que se realizara una nueva inspección a la propiedad del Sr. Rivera y la Sa. Serrano e informó la consignación de $1,100 para cubrir los daños que las reparaciones pudieran haber ocasionado.

El 30 de agosto de 1995 el Sr. Rivera y la Sa. Serrano notificaron vía facsímil al D.A.C.O. que no se habían realizado todas las reparaciones, conforme a lo ordenado por dicha agencia.

El 16 de octubre de 1995 el Sr. Rivera y la Sa. Serrano presentaron una petición ante el D.A.C.O. para que éste solicitara una orden al tribunal, con el propósito de que se cumpliera con lo ordenado en la resolución del 12 de enero de 1995 de dicha agencia.

El 23 de octubre de 1995 Force solicitó nuevamente al D.A.C.O. que se inspeccionara la propiedad, alegando que ya había finalizado la reparación de los desperfectos en la vivienda del Sr. Rivera y la Sa. Serrano. Dicha inspección fue señalada por el D.A.C.O. para el 19 de diciembre de 1995, pero la misma no pudo llevarse a cabo debido a que ni el Sr. Rivera ni la Sa. Serrano se encontraban en la propiedad. El 9 de abril de 1996 fue cuando finalmente se pudo llevar a cabo la inspección solicitada por Force.

El 13 de noviembre de 1996 el D.A.C.O. emitió una resolución declarando satisfactorias las condiciones en que se encontraba la vivienda, por lo cual ordenó el cierre y archivo de la querella.

El 12 de febrero de 1997 el Sr. Rivera y la Sa. Serrano presentaron una solicitud de relevo de resolución, alegando que aún las averías en el sistema de tubería de su residencia persistían. El 26 de marzo de 1997 el D.A.C.O. acogió dicha moción y ordenó que se efectuara una nueva inspección a la propiedad. Dicha inspección se llevó a cabo el 17 de abril de 1997. A la misma no asistieron ni Force ni Empresas Nativas y según consta en el informe de inspección dichas partes no excusaron su incomparecencia. ■

El 30 de septiembre de 1997 se celebró una vista administrativa a la que Force compareció. Posteriormente, el 23 de octubre de 1997 el D.A.C.O. emitió la resolución objeto del presente recurso en la que ordenó a Force y a Empresas Nativas que realizaran la reparación del sistema de plomería de la vivienda del Sr. Rivera y la Sa. Serrano en el término de veinte (20) días o de lo contrario tendrían que compensar solidariamente junto con General Accident a dicha parte por la cantidad de $8,900.

No conforme con dicha determinación, acude ante nos Force alegando que erró el D.A.C.O. al asumir jurisdicción habiendo perdido la misma luego de que la resolución del 13 de noviembre de 1996 en la que se ordenó el archivo de la querella advino final y firme. Alegó, además, que erró dicha

agencia al no concederle a Force oportunidad para solicitar la reconsideración de la resolución del 23 de octubre de 1997 y al fijar la cuantía de la indemnización en $8,900 en caso de que Force y Empresas Nativas no repararan satisfactoriamente los desperfectos en el sistema de plomería de la residencia del Sr. Rivera y la Sa. Serrano. Evaluemos tales planteamientos.

## II

Alega Force que el D.A.C.O. carecía de jurisdicción para relevar al Sr. Rivera y a la Sa. Serrano de la resolución del 13 de noviembre de 1996, en la que se determinó que las reparaciones realizadas por Force y Empresas Nativas fueron satisfactorias. Según alega Force, el término para que el D.A.C.O. pudiera acoger la moción de relevo de resolución había transcurrido al momento en que la misma fue presentada por el Sr. Rivera y la Sa. Serrano. Force basa su alegación en la Regla 38.1 del Reglamento de Procedimientos de Querellas del D.A.C.O. el cual establece que D.A.C.O. solamente puede ordenar la celebración de una nueva vista en un caso terminado antes de que expire el período para revisar. ■ Alega Force que al 12 de febrero de 1997, fecha en que el Sr. Rivera y la Sa. Serrano solicitaron el relevo de la resolución, ya había transcurrido el período para revisar la determinación del D.A.C.O.

A pesar de lo alegado por Force, la petición del Sr. Rivera y la Sa. Serrano no se basó en dicha disposición reglamentaria, sino en la Regla 32.3 del Reglamento de Procedimientos Adjudicativos del D.A.C.O., ya que éstos no solicitaron la celebración de una vista administrativa luego de que la agencia recurrida emitiera su resolución, sino el relevo de los efectos de la resolución dictada. ■ La Regla 32.3, *supra*, establece que una parte podrá ser relevada de los efectos de una resolución bajo los mismos fundamentos y durante el mismo término establecido en la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2. Por su parte, esta última regla establece que la solicitud de relevo de sentencia deberá presentarse dentro de un período razonable que nunca excederá de seis (6) meses, luego de haberse registrado la sentencia u orden.

En el presente caso, el Sr. Rivera y la Sa. Serrano presentaron su solicitud luego de (3) meses de haberse dictado la resolución por el D.A.C.O., habiéndose presentado la misma dentro del término máximo permitido por la Regla 49.2 de las de Procedimiento Civil, *supra*. ■

Force sólo cuestiona en su recurso el término en el cual el Sr. Rivera y la Sa. Serrano solicitaron el relevo de la resolución y no los fundamentos por los cuales se presentó dicha solicitud y se acogió la misma por la agencia recurrida. Por lo cual, habiéndose presentado la misma a tiempo, resolvemos que no le asiste la razón a Force al alegar que el D.A.C.O. carecía de jurisdicción para acoger dicha solicitud y declararla con lugar.

## III

Force alega que erró el D.A.C.O. al no permitirle presentar una solicitud de reconsideración de la resolución emitida por dicha agencia el 23 de octubre de 1997. En dicha resolución se indica que contra la misma sólo procedía un recurso de revisión ante este Tribunal dentro del término establecido por ley para revisar las decisiones administrativas.

Según la sección 3.15 de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley 170 del 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2165, una parte adversamente afectada por una resolución u orden, ya sea parcial o final, tiene derecho a presentar una moción de reconsideración ante la agencia que dictó la orden o resolución dentro del término establecido por dicho estatuto.

Force tenía derecho a presentar ante el D.A.C.O. una solicitud de reconsideración, una vez dicha agencia emitió su dictamen. Actuó incorrectamente la agencia recurrida al negarle a Force tal derecho. Sin embargo, dicho error no es perjudicial para Force por cuanto la presentación de una moción de reconsideración ante las agencias administrativas ya no es un requisito jurisdiccional para poder recurrir ante este Foro en solicitud de revisión. ■ Teniendo Force a su alcance el beneficio del recurso de revisión, resolvemos que no debe revocarse la resolución recurrida por este planteamiento ya que la actuación del D.A.C.O., aunque incorrecta, no privó a Force de su derecho a presentar un recurso de revisión para que la determinación de dicha agencia pudiera ser revisada.

## IV

Por último, alega Force que el D.A.C.O. erró al fijar la indemnización en $8,900, sin tomar en consideración el hecho de que para cualquier reparación a realizarse no sería necesario la remoción total del piso.

La cantidad de $8,900 fue fijada por el D.A.C.O. a base de un estimado realizado por Caribe Plumbing y que fue presentada por el Sr. Rivera y la Sa. Serrano en la vista administrativa llevada a cabo el 6 de octubre de 1993, vista a la que Force no compareció ni se excusó por ello. ■

En su resolución del 12 de enero de 1995, el D.A.C.O. hizo constar, como parte de sus determinaciones de hecho, que el estimado de la reparación de la plomería de la residencia del Sr. Rivera y la Sa. Serrano ascendía a $8,900. Force presentó oportunamente una moción de reconsideración en la que alegó que no asistió a la vista porque no fue notificada y cuestionó la forma en que se llegó a la cantidad establecida en el estimado. El D.A.C.O. acogió dicha moción, señalando una vista para discutir el asunto planteado el 15 de marzo de 1995.

A dicha vista compareció Force representado por su abogado. El 1 de mayo de 1995 el D.A.C.O. declaró sin lugar la moción de reconsideración presentada por Force, indicándose en la resolución que contra dicha determinación sólo procedía un recurso de revisión ante el tribunal competente. Dicha determinación advino final y firme sin que Force hubiese presentado un recurso de revisión.

Force está impedida de levantar en esta etapa argumentos que debieron ser levantados en el procedimiento administrativo y posteriormente en un recurso de revisión. En el presente recurso, lo único que puede ser cuestionado por Force es el hecho de que el D.A.C.O. declarara con lugar la moción de relevo de resolución presentada por el Sr. Rivera y la Sa. Serrano. La cuantía de la indemnización y la forma en que la misma fue computada fue establecida por el D.A.C.O. en su resolución del 12 de enero de 1995 y dicha determinación ya advino final y firme.

Por los fundamentos anteriores se deniega la expedición del recurso de revisión solicitado.

Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 188

1. Véase Informe de Inspección del 1 de mayo de 1997, Apéndice de la oposición al recurso de revisión, Anejo 18, pág. 43.

2. Reglamento Núm. 4012 del D.A.C.O. promulgado en conformidad al artículo 6(g) y 8(a) de la Ley 5 del 23 de abril de 1973 y la Ley 170 del 12 de agosto de 1988, según enmendadas.

3. Reglamento Núm. 5416 del D.A.C.O. promulgado en conformidad al artículo 6(g) y 8(a) de la Ley 5 del 23 de abril de 1973 y la Ley 170 del 12 de agosto de 1988, según enmendadas.

4. Cabe señalar que no consta en el expediente la fecha de la notificación de dicha resolución.

5. La presentación de una moción de reconsideración ante las agencias administrativas fue eliminado como requisito jurisdiccional para solicitar la revisión administrativa por virtud de la Ley 247 del 25 de diciembre de 1995, la cual enmendó la sección 3.15 de la L.P.A.U., *supra*, sección 2164.

6. Véase Resolución del D.A.C.O. del 12 de enero de 1995, apéndice del escrito en oposición al recurso de revisión, anejo 5, pág. 9.